UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANGELO BARNES,

        Plaintiff,

v.                                   Case No. 22-cv-0537-bhl

MILWAUKEE COUNTY JAIL,

        Defendant.

## SCREENING ORDER

    Plaintiff Angelo Barnes, who is currently incarcerated at the Milwaukee County House of Correction and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated while he was housed at the Milwaukee County Jail. On May 5, 2022, Barnes paid the $402 civil case filing fee. This matter comes before the Court to screen the complaint.

### SCREENING OF THE COMPLAINT

    The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must

be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

Barnes alleges that he had a bottom-bunk restriction because he was suffering severe opioid withdrawal symptoms. He explains that he was housed with an inmate who also had a bottom-bunk restriction. Barnes states than "an officer" told him to stay on the top bunk or "go to the hole." (Barnes does not clarify if the officer knew that Barnes had a bottom-bunk restriction.) Barnes asserts that, while on the top bunk, he passed out and fell five and a half feet to the concrete floor. He states that he injured the right side of his face, twisted his neck, and injured his back. According to Barnes, his cellmate called for a medical emergency, but it took "them" twenty minutes to respond. He states that "they" then dragged him out of the room by his arms and

underpants because he was unable to get up. He states that he was embarrassed and humiliated. Dkt. No. 1 at 2-3.

Barnes also explains that, when he arrived at the jail, he had been prescribed several medications, but he was denied all medications until after he fell off the top bunk. (Barnes does not identify the medications he had been prescribed on the outside, who initially refused to continue those prescriptions, or how long he was without the prescribed medications.) According to Barnes, following his fall he was prescribed muscle relaxers, ibuprofen, Tylenol, and suboxone (to decrease the severity of opioid withdrawal symptoms). Barnes alleges that he continues to experience pain and severe anxiety. Dkt. No. 1 at 3-4.

## THE COURT'S ANALYSIS

Barnes names only the Milwaukee County Jail as a Defendant. But the jail cannot be sued. Section 1983 allows a plaintiff to sue a "person" who violates his constitutional rights under color of state law, and a jail is not a "person." The Supreme Court has held that there are some circumstances in which municipalities or local government units can be considered "persons" and sued under §1983, *see Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978), but a jail is not legal entity separate from the county government it serves. *See Miranda v. Milwaukee County Jail Facility*, No. 19-C-582, 2019 WL 2359396, at *2 (E.D. Wis. June 4, 2019) (citing *Whiting v. Marathon County Sheriff's Dep't*, 382 F.3d 700, 704 (7th Cir. 2004)). Because Barnes does not sue a proper defendant, his complaint fails to state a claim.

The Court will allow Barnes an opportunity to file an amended complaint that names a proper defendant. It appears that Barnes was a pretrial detainee at the relevant time, so to state a claim he must allege facts from which the Court can reasonably infer that "(1) he had an objectively serious medical condition; and (2) the defendants' response to the medical condition was

3

objectively unreasonable." *Williams v. Ortiz*, 937 F.3d 936, 942-43 (7th Cir. 2019). The Court reminds Barnes that a defendant is liable for damages under §1983 only if he was personally responsible for the deprivation of a constitutional right, which means that the deprivation occurred at the defendant's direction or with his knowledge and consent. *See Williams v. Shah*, 927 F.3d 476, 482 (7th Cir. 2019). If Barnes chooses to file an amended complaint, he must identify the officers and/or medical personnel who he alleges violated his rights. If Barnes does not know the name of one or more of the individuals, he may use a John or Jane Doe placeholder. If he is allowed to proceed on a claim against a Doe defendant, he will have to use discovery to identify the Doe's name.

Barnes is advised that the amended complaint replaces the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). If an amended complaint is received by **June 9, 2022**, the Court will screen it as required by 28 U.S.C. §1915A. If an amended complaint is not received by the deadline, the Court will dismiss this case based on Barnes' failure to state a claim in his original complaint.

**IT IS THEREFORE ORDERED** that on or before **June 9, 2022**, Barnes shall file an amended complaint curing the defects in the original complaint as described in this decision.

**IT IS FURTHER ORDERED** that the Clerk's Office mail Barnes a blank prisoner amended complaint form and a copy of the guide entitled "Answers to Prisoner Litigants' Common Questions," along with this order.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all

4

inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Barnes is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties, including dismissal of this action.

Dated at Milwaukee, Wisconsin on May 11, 2022.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge
