UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANGELO BARNES,

                Plaintiff,

v.                                          Case No. 22-cv-0537-bhl

OFFICER HOWARD, et al.,

                Defendants.

## DECISION AND ORDER

Plaintiff Angelo Barnes is proceeding on Fourteenth Amendment claims against Defendant Officer Howard and an unidentified medical provider based on events that occurred while he was a pretrial detainee at the Milwaukee County Jail. On June 2, 2022, the Court screened the amended complaint and ordered that it be served on Howard pursuant to the informal service agreement between the Milwaukee County Office of Corporation Counsel and the Court. Dkt. No. 7. A few weeks later, on June 22, 2022, Assistant Corporation Counsel Dale Nikolay filed a "Statement on Non-Acceptance of Service," explaining that Corporation Counsel refused to accept service of process on Howard because she was not assigned to work on the day of the alleged events. Nikolay explains that Corporation Counsel believes that Barnes named the incorrect Defendant.

Because there are no other named Defendants, the Court will add Milwaukee County Sheriff Earnell Lucas as a Defendant for the limited purpose of helping Barnes identify the names of the corrections officer and the medical provider. *See Donald v. Cook County Sheriff's Dept.*, 95 F.3d 548, 556 (7th Cir. 1996). Sheriff Lucas does not have to respond to the amended complaint. After Sheriff Lucas' attorney files an appearance in this case, Barnes may serve

discovery upon Sheriff Lucas (by mailing it to his attorney at the address in his notice of appearance) to get information that will help him identify the Defendants.

For example, Barnes may serve interrogatories (written questions) under Fed. R. Civ. P. 33 or document requests under Fed. R. Civ. P. 34. Because Barnes does not state a claim against Sheriff Lucas, Barnes' discovery requests must be limited to information or documents that will help him learn Defendants' names. Barnes may not ask Sheriff Lucas about any other topic, and Sheriff Lucas is under no obligation to respond to requests about any other topic.

Barnes should promptly notify the Court of Defendants' names once he learns them. The Court will dismiss Sheriff Lucas as a Defendant once Barnes identifies Defendants' names.[1] After Defendants have an opportunity to respond to Barnes' amended complaint, the Court will set a deadline for discovery. At that point, Barnes may use discovery to get the information he believes he needs to prove his claims.

Barnes must identify the names of the correction officer and medical provider within sixty days of Sheriff Lucas' attorney appearing. If he does not or does not explain to the Court why he is unable to do so, the Court may dismiss his case based on his failure to diligently pursue it. Civil L. R. 41(c).

**IT IS THEREFORE ORDERED** that Milwaukee County Sheriff Earnell Lucas shall be named as a Defendant for the limited purpose of helping Barnes identify Defendants' names. The clerk's office will update the docket accordingly.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between Milwaukee County and this Court, copies of the amended complaint (Dkt. No. 6), the screening

---

[1] Nicolay asserts only that he "believes" Barnes named the wrong Defendant. Accordingly, the Court will not dismiss Howard as a Defendants until after Barnes has had an opportunity to discover the name of the corrections officer who allegedly violated his rights.

order (Dkt. No. 7), and this order shall be electronically sent today to Milwaukee County for service on Sheriff Lucas.

**IT IS FURTHER ORDERED** that Sheriff Lucas does not have to respond to the amended complaint; however, he shall respond to discovery requests that Barnes serves in an effort to identify Defendants' names. Sheriff Lucas does not have to respond to discovery requests about any other topic.

**IT IS FURTHER ORDERED** that Barnes must inform the Court of Defendants' names within 60 days of Sheriff Lucas' attorney filing an appearance in this case. If Barnes does not do so or does not advise the Court in writing why he is unable to do so, the Court may dismiss this case based on his failure to diligently prosecute it.

Dated at Milwaukee, Wisconsin on June 27, 2022.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge