UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ANGELO BARNES,

    Plaintiff,

v.                                                       Case No. 22-cv-0537-bhl

YVONNE HAYNES and
A. CHOMA,

    Defendants.

---

# SCREENING ORDER

---

Plaintiff Angelo Barnes, who is currently incarcerated at the Milwaukee County House of Correction and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated while he was housed at the Milwaukee County Jail. On December 27, 2022, the Court gave Barnes an opportunity to file a second amended complaint, which he did on January 9, 2023. The Court will screen the second amended complaint as required by 28 U.S.C. §1915A.

## SCREENING OF THE SECOND AMENDED COMPLAINT

As previously explained, in screening a complaint the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2).

## ALLEGATIONS OF THE SECOND AMENDED COMPLAINT

Barnes alleges that, on March 24, 2022, he fell off the top bunk after losing consciousness as a result of opioid withdrawal. He explains that he should not have been on the top bunk because he had a bottom-bunk restriction. According to Barnes, Defendant Officer Yvonne Haynes ordered him

to sleep on the top bunk because his cellmate, who was diabetic, also had a bottom-bunk restriction. Haynes allegedly told Barnes she was aware of the bottom-bunk restriction, but she was not responsible for cell assignments. Haynes allegedly gave Barnes the option of sleeping on the top bunk or going to segregation. Dkt. No. 36 at 1.

According to Barnes, he injured the right side of his face, twisted his neck, and hurt his shoulder and back in the fall. He states that his cellmate called for an emergency, but it took officers about 20 minutes to arrive. According to Barnes, officers dragged him out of the cell because he was unable to stand on his own. Dkt. No. 36 at 2.

Barnes also explains that, prior to being incarcerated, his doctor had prescribed medication to help alleviate his withdrawal symptoms, but Dr. A. Choma refused to give him the medication at the jail. He asserts that from March 16 through March 24, 2022, he did not receive any medication. According to Barnes, after he was taken to the hospital as result of his fall, the emergency room doctors told the jail to give him suboxone, muscle relaxers, ibuprofen, and Tylenol. Barnes asserts that he began to receive suboxone on March 26, 2022. Dkt. No. 36 at 2.

## THE COURT'S ANALYSIS

Barnes was a pretrial detainee at the relevant time, so to state a claim under the Fourteenth Amendment, he must allege facts from which the Court can reasonably infer that "(1) he had an objectively serious medical condition; and (2) the defendants' response to the medical condition was objectively unreasonable." *Williams v. Ortiz*, 937 F.3d 936, 942-43 (7th Cir. 2019). The Court will allow Barnes to proceed on a Fourteenth Amendment claim against Haynes based on his allegations that she ignored his bottom-bunk restriction and ordered him to sleep on the top bunk despite him suffering opioid withdrawal symptoms. He may also proceed against Dr. A. Choma who allegedly refused to continue Barnes' prescription for suboxone even though he was experiencing withdrawal symptoms.

**IT IS THEREFORE ORDERED** that the clerk's office shall update the caption to be consistent with the second amended complaint by adding Dr. A. Choma as a Defendant and clarifying that Christina Dotson is no longer a Defendant.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the second amended complaint and this order upon Dr. A. Choma pursuant to Federal Rule of Civil Procedure 4. Barnes is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. §1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§0.114(a)(2)–(3). Although Congress requires the Court to order service by the U.S. Marshals Service precisely because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the Court or by the U.S. Marshals Service. The Court is not involved in the collection of the fee.

**IT IS FURTHER ORDERED** that Dr. Choma and Haynes shall file a responsive pleading to the second amended complaint.

Discovery remains stayed. The Court will set new deadlines for the completion of discovery and the filing of dispositive motions after Defendants have had an opportunity to respond to the second amended complaint.

Dated at Milwaukee, Wisconsin on January 12, 2023.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge
