UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANGELO BARNES,

      Plaintiff,

      v.                          Case No. 22-cv-0537-bhl

YVONNE HAYNES, et al.,

      Defendants.

## DECISION AND ORDER

      Plaintiff Angelo Barnes, who is incarcerated at the Stanley Correctional Institution and representing himself, is proceeding on Fourteenth Amendment claims. On April 10, 2023, several months after he filed his second amended complaint, Barnes filed a motion under Fed. R. Civ. P. 15(d) to supplement the pleadings. He seeks to attach an inmate grievance he recently mailed to the Milwaukee County Jail as proof that he exhausted the administrative remedies as well as a State of Wisconsin notice of injury and claim form. Dkt. No. 54-1. He also seeks to refine his prayer for relief. Dkt. No. 54 at 2-3. The Court will deny the motion as unnecessary.

      Fed. R. Civ. P. 15(d) allows a court to "permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Barnes does not seek to supplement his second amended complaint with later occurring events, so Rule 15 does not apply. Further, it is unnecessary for Barnes to supplement his second complaint in the ways he proposes. Prisoner plaintiffs "are not required to specially plead or demonstrate exhaustion in their complaints." *Jones v. Bock*, 549 U.S. 199, 216 (2007).

And supplementing his second amended complaint to include the Wisconsin state notice of injury and claim form would serve no purpose as he is proceeding on federal claims, not state law claims.

As to his request to revise his prayer for relief, the Court notes that the second amended complaint seeks compensatory damages. If Barnes' claims proceed to trial, a jury will determine based on the evidence the amount to be awarded, so it is unnecessary for Barnes to specify an amount in his seconded amended complaint. Also, both parties have already made a jury demand. Finally, Barnes' request for injunctive relief is moot because he is no longer housed at the jail and, given that he is now in the custody of the Wisconsin Department of Corrections, there is no suggestion that he is likely to be transferred back to the jail. *See Moore v. Thieret*, 862 F.2d 148, 150 (7th Cir. 1988).

The pleading stage is complete. As noted in the scheduling order, discovery closes on July 17, 2023, so the Court encourages Barnes to focus his energy on gathering the evidence he believes he needs to prove his claims.

**IT IS THEREFORE ORDERED** that Barnes' motion to supplement the pleadings (Dkt. No. 54) is **DENIED as unnecessary**.

Dated at Milwaukee, Wisconsin on May 2, 2023.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge